# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# EASTERN  DIVISION

| | | |
|---|---|---|
| **CHRISTEENA LYNCH,** | ] | |
| | ] | |
| **Plaintiff,** | ] | |
| | ] | |
| **v.** | ] | |
| | ] | **CV-15-BE-1732-E** |
| **SOLUTIA, INC., a subsidiary of** | ] | |
| **EASTMAN CHEMICAL INDUSTRIES,** | ] | |
| **INC.,** | ] | |
| | ] | |
| **Defendant**. | ] | |

## MEMORANDUM OPINION

This matter is before the court on "Defendant's Motion to Dismiss Plaintiff's Title VII Claims, or in the Alternative, Motion for Partial Summary Judgment Based on Plaintiff's Failure to Timely File these Claims."  (Doc. 4).  The Plaintiff responded (doc. 11) to this court's "Order to Show Cause" (doc. 8).  Defendant has replied.  (Doc. 19).  For the reasons stated in this Memorandum Opinion, the court FINDS that the motion for partial summary judgment is due to be GRANTED; the court WILL ENTER SUMMARY JUDGMENT in favor of the Defendant and against the Plaintiff as to the Title VII claims asserted in Counts I, III and IV.

## I.  PROCEDURAL BACKGROUND

In its motion, the Defendant Solutia argued that the Plaintiff, Christeena Lynch, had failed to satisfy her administrative prerequisites to suit as to the Title VII claims asserted in Counts I, III, and IV.  In support of that claim, the Defendant attached to its brief an EEOC charge (doc. 4-1) filed by Lynch against her employer, Eastman Chemical Company, a subsidiary of Solutia,

dated April 11, 2014 and received by the EEOC on May 6, 2014.  That charge asserted

discrimination based on race, sex, and equal pay; it also stated that Lynch was skipped over for

overtime and denied overtime by male supervisors because of her gender, was refused an

Accelerated Pay benefit because of her gender, and was harassed because of her gender and the

race of her African American husband.  Solutia's brief also attached a Notice of Right-to-Sue

mailed to Lynch on  April 28, 2015 that stated: "[y]our lawsuit under Title VII ... **must be filed**

**in a federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this notice**; or your right to

sue based on this charge will be lost."  The Notice also stated "[t]he EEOC is terminating its

processing of this charge" with an enclosure stating that "to pursue this matter further, you must

file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you

*receive* **this Notice. . .** Once this 90-day period is over, your right to sue based on the charge

referred to in this Notice will be lost." (Doc. 4-2, at 2-3) (emphasis in original).

    Lynch filed this suit against Solutia on October 1, 2015—more than 150 days after the

right-to-sue notice was mailed to her and more than 90 days after receipt of the notice.

    Because the original complaint did not reference the EEOC charge or the Right-to-Sue

letter[1], the court advised Lynch in its Order to Show Cause (doc. 8)  that it would be treating the

motion as one for partial summary judgment, as requested in the alternative motion.  The court

ordered Lynch to present all the material that was pertinent to the motion as to her satisfaction of

---

[1] The court may consider a document attached to a motion to dismiss without converting
the motion into one for summary judgment if "(1) a plaintiff refers to a document in [her]
complaint, (2) the document is central to [her] claim, (3) its contents are not in dispute, and (4)
the defendant attaches the document to its motion to dismiss." *Fin. Sec. Assurance, Inc. v.
Stephens, Inc.,* 500 F.3d 1276, 1284 (11th Cir. 2007).  The Complaint in the instant case did not
refer to the EEOC charge or the Right-to-Sue letter.

administrative prerequisites to suit and its timeliness, and to advise the court whether she was challenging the authenticity of the documents attached to the Defendant's brief.

In her response, Lynch did not challenge the authenticity of those documents nor did she present any additional evidence.  Rather, she argued that she had not exhausted administrative remedies because she had received a "highly qualified Notice of Right to Sue that did not trigger the running of the 90-day limitations," and that she is entitled to equitable tolling of the 90-day deadline for filing suit after the receipt of the right-to-sue letter.  (Doc. 11).

Solutia filed a reply, noting that Lynch had acknowledged her failure to file suit within 90 days after receiving the right-to-sue letter, and that she had not established her entitlement to equitable tolling.  (Doc. 19).

## II.  LEGAL STANDARD

Summary judgment is an integral part of the Federal Rules of Civil Procedure.  Summary judgment allows a trial court to decide cases when no genuine issues of material fact are present and the moving party is entitled to judgment as a matter of law.  *See* Fed. R. Civ. P. 56.  When a district court reviews a motion for summary judgment it must determine two things: (1) whether any genuine issues of material fact exist; and if not, (2) whether the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).

The moving party "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56).  The moving party can meet this burden by offering

3

evidence showing no dispute of material fact or by showing that the non-moving party's evidence fails to prove an essential element of its case on which it bears the ultimate burden of proof. *Celotex*, 477 U.S. at 322-23.  Rule 56, however, does not require "that the moving party support its motion with affidavits or other similar materials *negating* the opponent's claim."  *Id.*

Once the moving party meets its burden of showing the district court that no genuine issues of material fact exist, the burden then shifts to the non-moving party "to demonstrate that there is indeed a material issue of fact that precludes summary judgment." *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991).  Substantive law determines which facts are material and which are irrelevant.  *Id.* at 248.  In responding to a motion for summary judgment, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material fact."  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  To defeat a motion for summary judgment, the non-moving party must "go beyond the pleadings and by [its] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324 (quoting Fed. R. Civ. P. 56(e)); *see also* Advisory Committee Note to 1963 Amendment of Fed. R. Civ. P. 56(e), 28 U.S.C. app. ("The very mission of summary judgment procedure is to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.").

After both parties have addressed the motion for summary judgment, the court must grant the motion *if* no genuine issues of material fact exist *and if* the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56.

### III.  DISCUSSION

As a precondition to filing a Title VII action, a plaintiff must file an EEOC charge within 180 days of the original discrimination, and must file her Title VII action within 90 days of receiving a notice of right-to-sue letter from the EEOC.  *See* 42 U.S.C. § 2000e-5(f)(1); *Green v. Union Foundry Co.,* 281 F.3d 1229, 1233 (11th Cir. 2002) (a plaintiff has "the initial burden of establishing that he filed his Complaint within ninety days of his receipt of the EEOC's right-to-sue letter."); *Jackson v. Seaboard Coast Line R. Co.,* 678 F.2d 992, 1000 & 1010 (11th Cir. 1982) (stating that the timely filing of the EEOC charge and timely filing suit after receipt of the Right-to-Sue letter is a condition precedent to a Title VII action).   To successfully present Title VII claims, a party must "aver generally that all conditions precedent have been performed or have occurred" to comply with Rule 9(c) of the Federal Rules of Civil Procedure.  *Jackson,* 678 F.2d at 1010.  Then, if the defendant disagrees with that allegation, the plaintiff "bears the burden of proving that the conditions precedent, which the defendant has specifically joined in issue, have been satisfied."  *Id.*

In the instant case, Lynch failed to generally aver in her Complaint that she had satisfied all conditions precedent to bringing her Title VII claims. Solutia's motion asserts that she had not satisfied the conditions precedent to those claims, and Solutia provided the EEOC charge  and the right-to-sue letter as supporting evidence.  The EEOC charge contains allegations of discrimination similar to those asserted in the Complaint, and the right-to-sue letter states that Lynch must file suit within 90 days and reflects that it was mailed on April 28, 2015.  However, Lynch did not file suit until October 1, 2015, over 156 days after the mailing of the notice.  When a plaintiff does not assert that she received her right-to-sue notice on a specific date, the court

5

may presume that she received the notice three days after it was mailed.  *Baldwin Cnty. Welcome Ctr. v. Brown,* , 466 U.S. 147, 148 n. 1 (1984).  Even taking into account the extra three days for receipt of the mail, Lynch filed this lawsuit long after the 90-day deadline had expired.

Lynch bears the burden of establishing that Solutia is wrong and that she has indeed satisfied those conditions precedent to suit.  However, Lynch failed to meet her burden.  Lynch does not challenge the authenticity of the evidence that Solutia presented, does not deny that she received the right-to-sue notice from the EEOC, and does not deny that she filed suit more than 90 days after she received the right-to-sue letter.  Rather, Lynch argues that she is entitled to equitable tolling of the 90-day deadline.  Although the arguments she presents for equitable tolling are not entirely clear, her arguments center upon the EEOC's protracted investigation, resulting in her requesting and receiving a right-to-sue letter before the EEOC completed such investigation[2]; and the fact that EEOC's right-to-sue letter issued to Lynch was "qualified"[3] instead of unqualified.

"Equitable tolling is inappropriate when a plaintiff did not file an action promptly or failed to act with due diligence [; it] is an extraordinary remedy which should be extended only

---

[2] Although Lynch's arguments are not always easy to understand, she appears to equate exhaustion of administrative remedies with the EEOC's completion of its investigation on the EEOC charge.  The court notes that an employee can exhaust her administrative remedies by filing an EEOC charge and requesting and receiving a right-to-sue letter from the EEOC, regardless of whether the EEOC completed its investigation on the charge.

[3] In calling the right-to-sue notice "qualified," Lynch appears to be referring to the words "Issued on Request." The notice also had checks next to the phrases "More than 180 days have passed since the filing of this charge" and "The EEOC is terminating its processing of this charge."  (Doc. 4-2, at 2).  The right-to-sue notice appears to be the EEOC's standard form letter. In any event, nothing in the notice provides support for the Plaintiff's assertion that the right was somehow "qualified."

sparingly." *Bost  v. Fed. Express Corp.,* 372 F.3d 1233, 1242 (11th Cir. 2004).  In the instant

case, the relevant facts are that Lynch filed an EEOC charge, that the EEOC issued to Lynch a

right-to-sue letter based on that charge that gave a 90-day deadline to sue, and that Lynch failed

to meet that deadline.  Lynch fails to explain why she did not and could not have filed this action

within the 90-day period.  She has not stated any reason, much less extraordinary circumstances,

that would justify equitable tolling, and certainly has not demonstrated that she pursued her claim

with due diligence.

Lynch presents no support for her argument that a protracted EEOC investigation entitles

her to equitable tolling of the 90-day deadline when she, understandably tired of waiting on the

completion of the investigation, asked for and received a right-to-sue letter from the EEOC.  Nor

does she provide support for the proposition that a so-called *qualified* right-to-sue letter issued

upon request somehow obviates the 90-day deadline to file suit.   The court is aware of no

support for those arguments.

Lynch cites *Forehand v. Fla. State Hosp. at Chattahoochee,* 89 F.3d 1562, 1570-71 (11th

Cir. 1996).  However, that case involved a distinguishable fact situation of class members who

filed suit *before* they received right-to-sue letters and while the EEOC's 180-day investigation

was still pending.  In the instant case, the EEOC terminated its investigation and issued a right-

to-sue letter to Lynch, which she received more than 150 days before she filed suit.

*Gonzalez v. Firestone Tire & Rubber Co.,* 610 F.2d 241, 245-6 (5th Cir. 1990), which

Lynch also cites, is similarly distinguishable from the instant fact situation.  In that case, the

EEOC issued a right-to-sue letter in April of 1974, informing Gonzalez that he must bring suit

within 90 days, but the EEOC decided to reconsider its earlier decision and notified Gonzalez

within that 90-day period of the reconsideration.  The EEOC issued a second 90-day right-to-sue notice in August of 1974, and Gonzalez filed suit in November of 1974, within 90 days of the second notice.  In light of the EEOC's notice that it was reconsidering the first determination, the Fifth Circuit Court of Appeals found as erroneous the district court's dismissal of the Title VII claims as untimely brought for failure to sue within 90 days of the first right-to-sue letter.  *Id.* at 246.

In the instant case, the EEOC did not reconsider its decision, and the only right-to-sue notice it sent Lynch advised her that she had 90 days to file suit, a deadline she failed to meet.  It plainly stated that the EEOC was terminating its processing of the charge.  (Doc. 4-2, at 2).

Neither of these cases supports Lynch's claim of entitlement to equitable tolling.  She refers to her right-to-sue notice as "qualified," but the 90-day deadline to sue stated in that notice was not qualified, and the notice told her that it was terminating its processing of her charge with no subsequent notice of reconsideration.  And, although Lynch accuses the EEOC of undue delay in processing her claim, she requested and received a right-to-sue letter when she grew tired of the delay, and, under those circumstances, any such delay before issuing the right-to-sue letter does not excuse her own failure to file suit within 90 days of the letter's receipt.

In sum, Lynch has failed to meet her burden of establishing that she has met her conditions precedent to pursue her Title VII claims and has failed to demonstrate her entitlement to equitable tolling of the 90-day deadline to sue.   Accordingly, the court FINDS that the motion for partial summary judgment is due to be GRANTED as to the Title VII claims asserted in Counts  I, III, and IV; the court WILL ENTER SUMMARY JUDGMENT in favor of Solutia and against Lynch as to those claims.  Because the court has treated the motion as one for summary

8

judgment, as the alternative motion requests, the court FINDS the motion to dismiss to be

MOOT.  This case will proceed with the Equal Pay Act claim asserted in Count II.

Dated this 4th  day of January, 2016.

KARON OWEN BOWDRE
CHIEF UNITED STATES DISTRICT JUDGE